## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKO R. PAPP AND BRIAN PAPP, H/W,<br><br>          Plaintiffs,<br><br>v.<br><br>DARDEN RESTAURANTS, INC., DARDEN CONCEPTS, INC., and DARDEN RESTAURANTS, INC., d/b/a YARD HOUSE,<br><br>          Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Darden Restaurants, Inc., Darden Concepts, Inc. and Darden Restaurants, Inc., d/b/a Yard House ("Defendants"), by their counsel, hereby files the following Notice of Removal of this action currently pending in the Court of Common Pleas of Philadelphia County, Case Number 240103127, to the United States District Court for the Eastern District of Pennsylvania pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, thereby effectuating this removal. The following is a short and plain statement of the grounds for removal to this Court.

## I.   RELEVANT PROCEDURAL HISTORY

1.      On or about January 26, 2024, Plaintiffs Miko R. Papp and Brian Papp ("Plaintiffs") filed a Complaint in the Court of Common Pleas of Philadelphia County captioned *Mike R. Papp and Brian Papp, h/w v. Darden Restaurants, Inc., Darden Concepts, Inc. and Darden Restaurants, Inc., d/b/a Yard House*, No. 240103127 ("the State Court Action"). In accordance with 28 U.S.C. § 1446(a), copies of all process and pleadings in the State Court Action are attached as Exhibit A.

**2.**      In their Complaint, Plaintiffs names Darden Restaurants, Inc., Darden Concepts, Inc. and Darden Restaurants, Inc., d/b/a Yard House as Defendants, asserting claims against all of them for negligence arising from a October 14, 2022 fall where Plaintiff alleges she suffered personal injuries when she slipped and fell in a Yard House Restaurant located at 8347 Park Meadows Center Drive in Lone Tree, Colorado.[1]

3.      Defendants have not answered plaintiff's complaint.

4.      No previous request has been made for the relief requested herein.

## II.      BASIS FOR REMOVAL

5.      This Court has original jurisdiction over this action because: (1) the matter in controversy, excluding interest and costs, excess the sum or value of $75,000; and (2) there is complete diversity of citizenship between Plaintiff and all Defendants who are real parties in interest.  28 U.S.C. § 1332(a).

### A.      Value of Matter in Controversy

6.      Plaintiff alleges that, as a result of the October 14, 2022 fall, she sustained serious and painful injuries to the following body parts, shoulders, elbows, lower back, buttocks, knees, upper and lower extremities, headaches and severe shock to her nerves and nervous system .[2]  (Pl.'s Compl. at ¶ 14, Exhibit A).

7.      Plaintiff alleges that the above physical injuries are "serious and ***permanent*** traumatic injuries".  (*Id.* at ¶¶ 14) (emphasis added).

---

[1] The correct address is 8437 Park Meadows Center Drive.
[2] Defendants deny all liability, deny that Plaintiff is entitled to the relief sought in the Complaint, and reserve the right to challenge the cause, extent, nature, duration, severity, and permanency of all of Plaintiff's alleged injuries. Defendants merely re-state Plaintiff's factual allegations and alleged injuries so that the Court can confirm removability, which is determined by "the allegations on the face" of Plaintiff's Complaint. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).

8.      Plaintiff also alleges she (1) has received and undergone medical attention and care and has expended various sums of money and will continue to do so; (2) has suffered severe physical pain, mental anguish and humiliation; (3) has been unable to engage in her usual activities and (4) has incurred loss of wages and other financial expenses (*Id.* at ¶¶ 15-18).

9.      In the "Wherefore" clauses following each of Plaintiffs' two causes of action, Plaintiff demands judgment for an amount of compensatory damages in excess of any jurisdictional amount requiring compulsory Arbitration.  Under the Philadelphia Court of Common Pleas' local rules, all cases having an amount in controversy of $50,000 or less "shall be assigned to the Compulsory Arbitration Program." Phila. Ct. Local Rule 1301.

10.     Additionally, Plaintiff Brian Papp, as the husband of Plaintiff Miko Papp, claims he has been deprived of the assistance, society and companionship of his wife to his great financial detriment and loss and demands judgment for an amount of compensatory damages in excess of $50,000. (*Id.* ¶¶ 20, 21, and Wherefore clause).

11.     Considering Plaintiff's injury allegations, the alleged extent, severity, and permanency of those injuries, and the value Plaintiff assigns to them in excess of the State Court's arbitration limits (i.e., above $50,000), it is apparent from the face of the Complaint that the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.[3]

12.     Accordingly, the amount in controversy is satisfied.  28 U.S.C. § 1332(a).

---

[3] *See, e.g.*, *Berry v. Wal-Mart Stores, East, L.P.*, No. 21-3496, 2022 WL 309177, at *5 (E.D. Pa. Feb. 2, 2022) ("Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant on notice that the amount in controversy exceeds $75,000.") (citing *Russo v. Wal-Mart Stores E., L.P.*, No. 17-454, 2017 WL 1832341, at *1 (M.D. Pa. May 8, 2017)); *Bracken v. Dolgencorp, LLC*, No. 18-4703, 2018 WL 6249715, at *4 (E.D. Pa. Nov. 29, 2018) (amount in controversy exceeded $75,000 where plaintiff alleged: (1) severe and permanent injuries; (2) "great financial detriment and loss"; (3)  inability to perform the usual activities of his daily life for an "indefinite" period in the future; and (4) a $50,000 floor by explicitly alleging a sum in excess of $50,000 plus other costs); *Wolk v. Rogers*, No. 04-1044, 2004 WL 1053005, at *1-2 (E.D. Pa. May 7, 2004) (amount in controversy exceeded $75,000 where plaintiff alleged: (1) damages in excess of $50,000; (2) multiple, permanent, and severe injuries, including nerve damage and psychological injury; (3) pain, suffering, disability, impairment, humiliation, embarrassment, and loss of life's pleasures; and (4) hospital, medical, dental and other expenses due to the incident).

**B.     Diversity of Citizenship**

13.     As set forth in their Complaint, Plaintiffs reside at 2112 Jefferson Court, North Wales, PA 19454  (Pl.'s Compl. at ¶ 1, <u>Exhibit A</u>).  Plaintiff thus judicially admits that they were at all relevant times (meaning, now and at the time when he commenced the State Court Action) a citizen of Pennsylvania.

14.     Plaintiffs' Complaint names Defendants, Darden Restaurants, Inc., Darden Concepts, Inc. and Darden Restaurants, Inc. d/b/a Yard House.

15.     Diversity jurisdiction is determined only on the citizenship of "real and substantial parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); 28 U.S.C. § 1441(b)(2).  Thus, a federal court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"—those with a "real interest" in the litigation.  *Navarro*, 446 U.S. at 461; *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991); *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 495-96 (E.D. Pa. 2012).

16.     When Plaintiffs commenced the State Court Action, Defendants were business entities organized under the laws of Georgia with its principal place of business at 1000 Darden Center Drive, Orlando, Florida.

17.     Defendants' state of incorporation is Georgia, and its principal place of business is in Florida making Defendant a citizen of Georgia and Florida.

18.      In sum, Plaintiffs, Pennsylvania citizens, are completely diverse from the named Defendants whose presence is properly considered as part of the diversity jurisdiction analysis.

19.     Accordingly, the diversity of citizenship requirement is met as complete diversity existed among Plaintiffs and all non-nominal Defendants at the time the State Court Action was commenced and now, at the time this Notice of Removal is filed.  *See* 28 U.S.C. § 1332(a)(1).

**III.    CONSENT**

20.    All of the Defendants named in the State Court Action are represented by the undersigned counsel and all such Defendants join in this Notice of Removal and consent to this removal of the State Court Action.

**IV.    TIMELINESS OF REMOVAL**

21.    The State Court Action was not commenced more than one year before the date of the filing of this Notice of Removal.  It was filed on January 26, 2024.  *See* 28 U.S.C. § 1446(c)(1).

22.    The complaint was served on Defendants Darden Restaurants, Inc. and Darden Concepts Inc. on January 30, 2024 (*See* Affidavit/Return of Service, attached as <u>Exhibit B</u>).

23.    Given the date and mode of service, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

**V.    VENUE**

24.    Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the Court of Common Pleas of Philadelphia County, Pennsylvania, the place where the removed action was pending.

**VI.    CONCLUSION**

25.    For all of the reasons above, this Court has diversity jurisdiction over this matter and this matter is properly venued in this Court.  Removal is proper and was timely achieved.

**VII.    NOTICE**

26.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of this filing to Plaintiff, by his counsel, the only adverse party, and will file a copy of the Notice of Removal and the exhibits that are attached hereto with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**WHEREFORE**, Defendants, Darden Restaurants, Inc., Darden Concepts, Inc. and Darden Restaurants, Inc. d/b/a Yard House, with the consent of all named Defendants, requests that the above-captioned action now pending in the Court of Common Pleas of  Philadelphia County be removed to this Court, the U.S. District Court for the Eastern District of Pennsylvania.

ANSA ASSUNCAO LLP

Dated: February 23, 2024                         By:     */s/ John R. Evans*
                                                        John R. Evans Esquire
                                                        *Attorneys for Defendants, Darden*
                                                        *Restaurants, Inc., Darden Concepts,*
                                                        *Inc. and Darden Restaurants, Inc.*
                                                        *d/b/a Yard House.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served through the Court's CM/ECF electronic filing system on February 23, 2024 upon the below counsel of record for Plaintiff and, in addition, by courtesy copy transmitted to the following by e-mail:

Jeffrey V. Matteo, Esquire
FOX AND FOX ATTORNEYS AT LAW, PC
700 E. Main Street – Suite 200
Norristown, PA 19401
*Attorney for Plaintiffs*

**ANSA ASSUNCAO LLP**

By:      <u>*/s/ John R. Evans*</u>
            John R. Evans, Esquire

# EXHIBIT "A"

**Supreme Court of Pennsylvania**
Court of Common Pleas
Civil Cover Sheet

PHILADELPHIA County

| For Prothonotary Use Only: |
| Docket No: |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N  A**

**Commencement of Action:**
☒ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking

Lead Plaintiff's Name:
MIKO R. PAPP

Lead Defendant's Name:
DARDEN RESTAURANTS, INC., ET AL.

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested:
(check one)
☐ within arbitration limits
☒ outside arbitration limits

Is this a *Class Action Suit?* ☐ Yes ☒ No

Is this an *MDJ Appeal?* ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney:  Jeffrey V. Matteo, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**S E C T I O N  B**

**Nature of the Case:**  Place an "X" to the left of the <u>ONE</u> case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☒ Premises Liability
☐ Product Liability (does not include mass tort)
☐ Slander/Libel/ Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other

☐ Other:

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other

☐ Zoning Board
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:

*Updated 1/1/2011*

By: JEFFREY V. MATTEO, ESQUIRE
Attorney I.D. No. 30289
700 E. Main Street - Suite 200
Norristown, PA 19401
Tel: (610) 275-7990



Filed and Attested by the
Office of Judicial Records
26 JAN 2024 04:12 pm
C. SMITH

Attorney for Plaintiffs

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| MIKO R. PAPP and BRIAN PAPP, H/W : | NO. |
| 2112 Jefferson Court : | |
| North Wales, PA 19454 : | CIVIL ACTION – LAW |
| : | |
| Plaintiffs : | |
| : | |
| vs. : | |
| : | |
| DARDEN RESTAURANTS, INC., : | |
| DARDEN CONCEPTS, INC., and : | |
| DARDEN RESTAURANTS, INC., : | |
| d/b/a YARD HOUSE : | |
| 1338-46 Chestnut Street : | |
| Philadelphia, PA 19109 : | |
| : | |
| Defendants : | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Case ID: 240103127

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**1101 Market Street #11**
**Philadelphia, PA  19107**
**Telephone: (215) 238-6333**
**TTY (215) 451-6197**

**<u>AVISO</u>**

USTED HA SIDO DEMANDADO/A EN CORTE.  Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomar accion dentro de los proximos veinte (20) dias despues de la notificacion de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aqui en contra suya.  Se le advierte de que si usted falla de tomar accion como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE

UN ABOGADO, LLAME O VAYA A LAW SIGUIENTE OFICINA.  ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO

CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**1101 Market Street, #11**
**Filadelfia, Pennsylvania  19107**
**Telefono: (215) 238-6333**
**TTY: (215) 451-6197**

12145-Notice to Defend - 2024-01-05

**FOX AND FOX ATTORNEYS AT LAW, P.C.**
By: **JEFFREY V. MATTEO, ESQUIRE**
Attorney I.D. No. 30289
700 E. Main Street - Suite 200
Norristown, PA 19401
Tel: (610) 275-7990                                    **Attorney for Plaintiffs**

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| **MIKO R. PAPP and BRIAN PAPP, H/W** : | NO. |
| 2112 Jefferson Court : | |
| North Wales, PA 19454 : | **CIVIL ACTION – LAW** |
| : | |
| **Plaintiffs** : | |
| : | |
| **vs.** : | |
| : | |
| **DARDEN RESTAURANTS, INC.,** : | |
| **DARDEN CONCEPTS, INC., and** : | |
| **DARDEN RESTAURANTS, INC.,** : | |
| **d/b/a YARD HOUSE** : | |
| 1338-46 Chestnut Street : | |
| Philadelphia, PA 19109 : | |
| : | |
| **Defendants** : | |

### <u>COMPLAINT</u>

    1.    Plaintiffs, Miko R. Papp and Brian Papp are adult individuals who are husband and wife who reside at 2112 Jefferson Court, North Wales, PA 19454.

    2.    Defendants, Darden Restaurants, Inc., Darden Concepts, Inc., and Darden Restaurants, Inc., d/b/a Yard House, are corporations doing business in the Commonwealth of Pennsylvania, some or all of whom trade under the name of Yard House Restaurants and have their main offices located at 1000 Darden Center Drive, Orlando, Florida, and who operate numerous restaurants within the Commonwealth of Pennsylvania, including a location at 1338-46 Chestnut Street, Philadelphia, PA 19109.

Case ID: 240103127

3.      Defendants own and operate a Yard House Restaurant located at 8347 Park Meadows Center Drive, Lone Tree, Colorado.

4.      At all times material hereto, Defendants acted or failed to act individually, or through their agents, servants and employees within the course and scope of their business or employment.

5.      On or about October 14, 2022, Plaintiffs were customers of Defendants' restaurant located at 8347 Park Meadows Center Drive, Lone Tree, Colorado.

6.      On the aforesaid date, while Plaintiff Miko R. Papp was walking on the floor in Defendants' restaurant, she slipped and fell on water which Defendants and/or their employees and agents placed on the floor, causing severe and painful injuries and damages to Plaintiff, all or some of which might be permanent in nature.

7.      At all times relevant hereto, Defendants had under their ownership, care, direction and responsibility and control, the supervision, control and maintenance of the slippery wet floor upon which Plaintiff was injured.

8.      It was the duty of the Defendants to properly maintain the floor in the restaurant under their ownership, possession and control, for the safety and protection of customers traveling thereon, including the Plaintiff.

9.      Defendants had or should have had knowledge or notice of the existence of the dangerous condition existing on Defendants' floors.

## Count I

### Plaintiff, Miko R. Papp v. Defendants

Case ID: 240103127

10.     Plaintiff hereby incorporates the averments in paragraphs 1 through 9 as if same were fully set forth herein at length.

11.     Defendants breached their duty owed to Plaintiff by their negligent conduct as set forth herein.

12.     At no time material hereto was the loss of Plaintiff's balance and her resulting injuries and damages caused by any action or inaction on her part.

13.     The negligence and carelessness of Defendants consisted of the following:

       a.     Failing to maintain the slippery floor in Defendants' restaurant, making the floor unsafe for the intended use of Plaintiff.

       b.     Failing to warn Plaintiff of any latent defects or hidden perils;

       c.     Failing to make the floor in the restaurant safe for the intended use of Plaintiff;

       d.     Failing to reasonably inspect the floors for purposes of identifying any hazardous conditions, latent defects, or hidden perils, such as slipperiness of the floor, in order to safeguard customers, and licensees such as the Plaintiff;

       e.     Failing to exercise reasonable care to protect Plaintiff from danger;

       f.     Failing to perform preventative maintenance on the floor to protect Plaintiff from dangerous and hazardous conditions;

       g.     Failing to perform preventative maintenance of the floor of the restaurant after notice of said condition so as to protect Plaintiff from dangerous and hazardous conditions;

       h.     Failing to warn Plaintiff of known dangerous or hazardous conditions;

       i.     Concealing or failing to disclose conditions which involved an unreasonable risk of harm to the Plaintiff; and

Case ID: 240103127

j.      Failing to keep the floor in the restaurant free of dangerous conditions.

14.     Solely as the result of the aforesaid negligence and carelessness of Defendants, Plaintiff sustained serious and painful injuries, including but not limited to contusions to the Plaintiff's shoulders, elbows, lower back, buttocks, knees and upper and lower extremities, headaches and severe shock to her nerves and nervous system, any and all of which may be serious and permanent in nature, and all of which have caused her, and have continued to cause her, great pain and suffering, which the Plaintiff is likely to continue to suffer in the future.

15.     As a result of the aforesaid accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money, to incur expenses for the injuries she has suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

16.     As a further result of the aforesaid accident, Plaintiff has been unable to engage in her usual activities.

17.     As a direct result of this incident, Plaintiff has, or may hereafter, incur wage loss and other financial expenses and losses which exceed amounts which she may otherwise be entitled to recover.

18.     As a further and direct result of the incident aforementioned, Plaintiff has suffered severe physical pain, mental anguish and humiliation and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands Judgment against the Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, delay damages and costs.

### Count II

### Brian Papp v. Defendants

Case ID: 240103127

19.     The averments in paragraphs 1 through 18 above are hereby incorporated as if fully set forth herein at length.

20.     Plaintiff Brian Papp is the husband of Plaintiff Miko R. Papp.

21.     As a result of the foregoing slip and fall of Plaintiff Miko R. Papp, Plaintiff Brian Papp has been and probably will in the future be deprived of the assistance, society and companionship of Plaintiff Miko R. Papp, all of which are to his great financial detriment and loss.

WHEREFORE, Plaintiffs demand Judgment against the Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, delay damages and costs.

FOX AND FOX ATTORNEYS AT LAW, PC

By: _____

Jeffrey V. Matteo, Esquire
Attorney for Plaintiffs

12145-Complaint - 2024-01-05

Case ID: 240103127

## **VERIFICATION**

I, Miko R. Papp, hereby verify that I am the Plaintiff in the within action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Ps. C.S. §4904 relating to unsworn falsification to authorities.

_____
Miko R. Papp

Date:_____

Case ID: 240103127

## VERIFICATION

I, Brian Papp, hereby verify that I am the Plaintiff in the within action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.                                                                                                                    3

I understand that false statements herein are made subject to the penalties of 18 Ps. C.S. §4904 relating to unsworn falsification to authorities.

Brian Papp

Date: 1/13/2024

B

Case ID: 240103127

By: JEFFREY V. MATTEO, ESQUIRE
Attorney I.D. No. 30289
700 E. Main Street - Suite 200
Norristown, PA 19401
Tel: (610) 275-7990                                    **Attorney for Plaintiffs**

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MIKO R. PAPP and BRIAN PAPP, H/W | : | NO. |
| 2112 Jefferson Court | : | |
| North Wales, PA 19454 | : | CIVIL ACTION – LAW |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | |
| | : | |
| DARDEN RESTAURANTS, INC., | : | |
| DARDEN CONCEPTS, INC., and | : | |
| DARDEN RESTAURANTS, INC., | : | |
| d/b/a YARD HOUSE | : | |
| 1338-46 Chestnut Street | : | |
| Philadelphia, PA ???? | : | |
| | : | |
| **Defendants** | : | |

### CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

FOX AND FOX ATTORNEYS AT LAW, PC

By: _____
Jeffrey V. Matteo, Esquire
Attorney for Plaintiffs

12145-Certificate of Compliance - 2024-01-05

# EXHIBIT "B"

## Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | MIKO PAPP<br>BRIAN PAPP | **Court Term & No.:** | 240103127 |
| | | | E-File# 2401067325 |
| **Defendant:** | DARDEN CONCEPTS INC<br>DARDEN RESTAURANTS INC | **Document Served:**<br> Plaintiff's Complaint | |
| **Serve at:** | 1338-46 CHESTNUT STREET | **Company Reference/Control No.:** | |

Served and Made Known to DARDEN CONCEPTS INC AND DARDEN RESTAURANTS INC on
01/30/2024 at 12:25 PM, in the manner described below:


 Agent or person in charge of Party's office or usual place of business. NAME:
LINDSAY BARRETT (MANAGER)

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | 35 | 5' 9" | 140 lbs. | Caucasian | Female |
| | **Other:** | | | | |

| **Company Profile:** | **Name of Server:** MICHAEL H DOYLE |
|---|---|
| MICHAEL DOYLE<br>1315 WALNUT ST.<br>PHILADELPHIA PA 19107<br>PHONE: (215)545-7655 | Being duly sworn according to law,<br>deposes and says that he/she is process<br>server herein names; and that the facts<br>herein set forth above are true and<br>correct to the best of their knowledge,<br>information and belief. |
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 31 JAN 2024 05:51 AM**

\\zdrafsrv 12/8/11